UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARANVEER SINGH (A-246-485-649),

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

Case No. 1:26-cv-1682 DAD CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Karanveer Singh (A-246-485-649), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his re-detention without a hearing and continued detention violates his due process rights under the Fifth Amendment and the Eighth Amendment prohibition against excessive bail. (Id. at 16-17 (claims one and two)). For the following reasons, this Court recommends that the petition be granted as to petitioner's due process claim (claim one).

I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in

1

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    DISCUSSION[1]

On March 2, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order. (ECF Nos. 2, 3.) On March 2, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed in Ayala Cajina v. Wofford, No. 1:25-cv-1566 DAD AC, 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), Rangel v. Noem, No. 1:26-cv-00084 DAD CSK, 2026 WL 73996 (E.D. Cal. Jan. 9, 2026), and other similar cases previously decided by the district court. (ECF No. 5.) The district court directed respondents to show cause whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in the cases listed above and would justify denial of a preliminary injunction. (Id.) On March 4, 2026, respondents filed an opposition to the motion for a temporary restraining order and a motion to dismiss the petition. (ECF No. 8.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225, but also acknowledged that this case does not appear to present any facts distinguishing it substantively from Ayala Cajina, 2025 WL 3251083. (Id. at 1-3.) On March 10, 2026, the district court noted respondents' concession that there are no factual or legal issues in this case that render this case distinct from Ayala Cajina, 2025 WL 3251083, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction. (ECF No. 9.) In addition to granting petitioner's immediate release, the district court

---

[1] The factual and procedural background previously presented in the district judge's March 10, 2026 order is incorporated herein. (See ECF No. 9.)

enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence. (Id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.)

On March 12, 2026, this Court ordered that if additional briefing was needed to decide the merits of the petition, within seven days of the date of the order, petitioner may file an opposition to respondents' motion to dismiss. (ECF No. 10.) If petitioner did not file an opposition by this deadline, the petition would be deemed submitted on the record currently before the court without any additional briefing. (Id.) Seven days passed and petitioner did not file an opposition, and briefing is closed. See Docket.

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (claim one). See Ayala Cajina, 2025 WL 3251083. Petitioner entered the United States on or about October 5, 2022 where he was encountered by immigration officials, permitted into the country, and subsequently applied for asylum. (ECF No. 9.) Petitioner was ultimately re-detained by immigration officials on or around October 20, 2025 while he was attending court proceedings related to his pending criminal case in state court. (Id.) There is no indication that petitioner was provided notice or a pre-deprivation hearing before respondents re-detained him. (Id.) As the district court explained in Ayala Cajina, petitioner acquired a liberty interest in his continued freedom after immigration officials permitted him into the country on or around October 5, 2022. See Ayala Cajina, 2025 WL 3251083, at *3. The denial of a pre-detention hearing prior to petitioner's re-detention on or around October 20, 2025 violated petitioner's right to procedural due process. See id. at *4-5. Because the resolution of petitioner's due process claim provides the relief requested, the Court need not reach petitioner's second claim.

3

Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in <u>Rodriguez v. Bostock</u>, No. 25-6842 (9th Cir.) should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondent from re-detaining petitioner, absent establishment of detention authority pursuant to 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231, unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.

**III.  MOTION TO DISMISS**

Respondents' motion to dismiss should be denied because this Court recommends that the petition be granted as to claim one.

**IV.  CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED as to claim one.

2.  Respondents' motion to dismiss (ECF No. 8) be denied.

3.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Karanveer Singh (A-246-485-649), absent establishment of detention authority pursuant to 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231, unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.

4.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with

4

the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 2, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Sing1682.26.imm.merits/2