UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KARANVEER SINGH,<br><br>        Petitioner,<br><br>        v.<br><br>KRISTI NOEM, et al.,<br><br>        Respondents. | No.  1:26-cv-01682-DAD-CSK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO DISMISS, AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 8, 11) |

Petitioner Karanveer Singh is a former federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 2, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted and respondents' motion to dismiss (Doc. No. 8) be denied.  (Doc. No. 11.)  Specifically, the magistrate judge found that petitioner previously encountered immigration authorities, was released on conditions by those authorities, and therefore had a protected liberty interest in his continued release.  (*Id.* at 2–4.)  Accordingly, the magistrate judge concluded that petitioner's re-detention without a pre-deprivation hearing violated his due process rights.  (*Id.* at 3–4.)  The pending findings and recommendations were served on the parties and contained notice that any

1

objections thereto were to be filed within seven (7) days after service.  (*Id.* at 5–6.)  On April 10, 2026, respondents filed their objections to the pending findings and recommendations.  (Doc. No. 12.)

Respondents' objections largely reiterate facts and arguments raised in their prior opposition to the motion for temporary restraining order, which arguments the court has already previously rejected (Doc. No. 9).  (*Compare* Doc. No. 8 at 2–3 *with* Doc. No. 12 at 3–5.)  However, respondents contend that petitioner has since been provided with a pre-deprivation hearing which he failed to appear at and accordingly request that the court not impose a requirement for a pre-deprivation hearing in its final order.  (Doc. No. 12 at 5.)  It is unclear to the court why respondents' attempt to comply with this court's prior injunction would render the injunction unnecessary and respondents provide no legal authority for this proposition.  The court does, however, clarify that the requirement for a pre-deprivation hearing requires that petitioner be provided notice and an opportunity to be heard at that hearing, but does not require that petitioner in fact attend a pre-deprivation hearing if such notice was provided.  Accordingly, these objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1.     The findings and recommendations issued on April 2, 2026 (Doc. No. 11) are ADOPTED IN FULL;

2.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a.     Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear

/////

2

the burden of demonstrating that petitioner poses a flight risk or danger to the community by clear and convincing evidence;

3.    Respondents' motion to dismiss (Doc. No. 8) is DENIED; and

4.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:    **May 26, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE